


IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY H WOODRUFF, SR,<br><br>    Petitioner,<br><br>  vs.<br><br>MICHAEL MUKASEY, et al,<br><br>    Respondents. | No C 08-4045 VRW (PR)<br><br>ORDER OF DISMISSAL |

    Petitioner Ray H Woodruff, Sr, has filed a pro se petition for a writ of habeas corpus under 28 USC § 2241 on behalf of his son Kevin Paul Woodruff, a federal prisoner convicted in this court of multiple counts of "interference with commerce by threats or violence" in violation of the Hobbs Act, 18 USC § 1951(a).

    A person other than the detained person challenging his detention may file an application for a writ of habeas corpus and establish standing as a "next friend." Whitmore v Arkansas, 495 US 149, 163 (1990). A next friend does not himself become a party to the habeas petition, "but simply pursues the cause on behalf of the detained person, who remains the real party in interest." Id. There are two firmly rooted prerequisites to "next friend" standing:

> First, a next friend must provide an adequate explanation – such as inaccessibility, mental incompetency, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate and it has been further suggested that a next friend must have some significant relationship with the real party in interest. The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

Id at 163-64 (citations omitted). Petitioner has not established that his son Kevin Woodruff cannot appear on his own behalf to prosecute the action. Kevin Woodruff has himself challenged his conviction via sections 2241 and 2255 more than once. Petitioner's desire to litigate on behalf of his son is not enough.

Petitioner's implied request for next friend status is DENIED and the petition is DISMISSED for lack of standing. See id; see also 28 USC § 2242 (An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.").

The clerk shall enter judgment in favor of respondents, terminate all pending motions as moot and close the file.

SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\HC.08\Woodruff, R1.dismissal.wpd

2